IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
EASTERN DIVISION

| | | |
|---|---|---|
| JOSHUA RANKIN, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| VS. | ) | No. 15-1169-JDT-egb |
| | ) | |
| DEMARCUS CARNEY, ET AL., | ) | |
| | ) | |
| Defendants. | ) | |

ORDER DENYING PLAINTIFF'S MOTIONS TO APPOINT COUNSEL
AND DENYING MOTION FOR MARSHAL TO SERVE PROCESS AS UNNECESSARY

The *pro se* prisoner Plaintiff, Joshua Rankin, an inmate who is presently incarcerated at the Northeast Correctional Complex in Mountain City, Tennessee, filed a *pro se* complaint on July 14, 2015, pursuant to 42 U.S.C. § 1983. (ECF No. 1.) On July 15, 2015, the Court issued an order granting leave to proceed *in forma pauperis* and assessing the civil filing fee pursuant to 28 U.S.C. §§ 1915(a)-(b). (ECF No. 6.) The case is currently undergoing screening pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b).

On August 10, 2015, and again on August 25, 2015, Plaintiff filed motions for appointment of counsel. (ECF Nos. 8 & 9.) Pursuant to 28 U.S.C. § 1915(e)(1), "[t]he court may request an attorney to represent any person unable to afford counsel." However, "[t]he appointment of counsel in a civil proceeding is not a constitutional right." *Lanier v. Bryant*, 332 F.3d 999, 1006 (6th Cir. 2003); *see also Shepherd v. Wellman*, 313 F.3d 963, 970 (6th Cir. 2002) ("[T]he plaintiffs were not entitled to have counsel appointed because this is a civil lawsuit."); *Lavado v. Keohane*, 992 F.2d 601, 605-06 (6th Cir. 1993) (no constitutional right to counsel in a civil case); *Farmer v. Haas*, 990

F.2d 319, 323 (7th Cir. 1993) ("There is no constitutional or . . . statutory right to counsel in federal civil cases . . . ."). Appointment of counsel is "a privilege that is justified only by exceptional circumstances." *Lavado*, 992 F.2d at 606 (internal quotation marks and citation omitted). "In determining whether 'exceptional circumstances' exist, courts have examined the type of case and the abilities of the plaintiff to represent himself. This generally involves a determination of the complexity of the factual and legal issues involved." *Id.* at 606 (internal quotation marks and citations omitted). Appointment of counsel is not appropriate when a *pro se* litigant's claims are frivolous or when his chances of success are extremely slim. *Id.* (citing *Mars v. Hanberry*, 752 F.2d 254, 256 (6th Cir. 1985)); *see also Cleary v. Mukasey*, 307 F. App'x 963, 965 (6th Cir. 2009) (same).

At this stage of the proceeding, Plaintiff has not satisfied his burden of demonstrating that the Court should exercise its discretion to appoint counsel. Nothing in Plaintiff's motion serves to distinguish this case from the many other cases filed by *pro se* prisoners who are not trained attorneys and who have limited access to legal materials. Therefore, the motions for appointment of counsel are DENIED.

Plaintiff also filed a motion on January 4, 2016, in which he requests that the U.S. Marshal be ordered to serve process in this case. (ECF No. 16.) That motion is DENIED as unnecessary. As stated, the case is currently undergoing screening. If the Court concludes the case should go forward, the Marshal will be ordered to serve process without the necessity of Plaintiff filing a motion.

IT IS SO ORDERED.

    s/ **James D. Todd**
JAMES D. TODD
UNITED STATES DISTRICT JUDGE