UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TENNESSEE
EASTERN DIVISION

| | | |
|---|---|---|
| JOSHUA RANKIN, | ) | |
| | ) | |
| Plaintiff, | ) | No. 15-1169-egb |
| | ) | |
| VS. | ) | |
| | ) | |
| DEMARCUS CARNEY, ET AL | ) | |
| | ) | |
| Defendants. | ) | |

ORDER DENYING MOTION FOR DISCOVERY,
PARTIALLY DISMISSING COMPLAINT AND DIRECTING THAT PROCESS BE ISSUED
AND SERVED ON THE REMAINING DEFENDANTS

On July 14, 2015, Plaintiff Joshua Rankin ("Rankin"), who is a presently confined at the Northeast Correctional Complex ("NECX") in Mountain City, Tennessee, filed a *pro se* complaint pursuant to 42 U.S.C. § 1983 and a motion to proceed *in forma pauperis*. (ECF Nos. 2 & 3.) The complaint concerns Rankin's previous incarceration at the Whiteville Correctional Facility ("WCF") in Whiteville, Tennessee. On July 15, 2015, the Court granted leave to proceed *in forma pauperis* and assessed the civil filing fee pursuant to 28 U.S.C. §§ 1915(a)-(b). (ECF No. 6.) The Clerk shall record the Defendants as WCF Correctional Officer Demarcus Carney, WCF Correctional Officer Michael Jennings, and Corrections Corporation of America ("CCA").

I. THE COMPLAINT

In his complaint, Rankin alleges that on May 5, 2015, he had a dispute with a correctional officer, Sergeant ("Sgt.") Brown, who is not a party to this complaint, about going to medical.

(ECF No. 2 at 4.) Sgt. Brown left Rankin and then returned to take Rankin to medical. (*Id.*) Rankin alleges that upon leaving the unit, Sgt. Brown began raising her voice and cursing at him in an attempt to provoke a confrontation. (*Id.*) As Brown escorted Rankin to medical, they were met by Defendant Carney. (*Id.* at 4-5.) Rankin alleges that Defendant Carney and Sgt. Brown had a conversation away from him, after which Defendant Carney handcuffed Rankin with his hands behind his back and escorted him down the hall until they were met by Defendant Jennings. (*Id.* at 5.) Defendants Carney and Jennings then escorted Rankin down the hallway, one on each side holding his arms. (*Id.*) When they came upon a "wet floor" sign in the middle of the hallway, Defendants Carney and Jennings forced Rankin to walk directly into the sign, causing him to kick it over. (*Id.*) Rankin alleges that Defendants Carney and Jennings then lifted him off his feet and ran his face and head into the concrete hallway wall several times. (*Id.*) Rankin was then placed in a cell in the segregation unit where he noticed his eye and face were swollen and began to experience severe pain and nausea. (*Id.*) He alleges that he made several requests for medical attention which were denied. (*Id.*) Rankin alleges that it is "common knowledge" that Defendant Carney is in an intimate relationship with Sgt. Brown. (*Id.*)

Rankin seeks both compensatory and punitive damages. (*Id.*)[1]

## II. ANALYSIS

A.  <u>Screening and Standard</u>

The Court is required to screen prisoner complaints and to dismiss any complaint, or any portion thereof, if the complaint—

---

[1] Rankin also filed a motion to appoint counsel, which the Court denied on March 23, 2016. (ECF No. 19.)

(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or

(2) seeks monetary relief from a defendant who is immune from such relief.

28 U.S.C. § 1915A(b); *see also* 28 U.S.C. § 1915(e)(2)(B).

In assessing whether the complaint in this case states a claim on which relief may be granted, the court applies the standards under Federal Rules of Civil Procedure 12(b)(6), as stated in *Ashcroft v. Iqbal*, 556 U.S. 662, 677-79 (2009), and in *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555-57 (2007). *Hill v. Lappin*, 630 F.3d 468, 470-71 (6th Cir. 2010). "Accepting all well-pleaded allegations in the complaint as true, the Court 'consider[s] the factual allegations in [the] complaint to determine if they plausibly suggest an entitlement to relief.'" *Williams v. Curtin*, 631 F.3d 380, 383 (6th Cir. 2011) (quoting *Iqbal*, 556 U.S. at 681) (alteration in original). "[P]leadings that . . . are no more than conclusions . . . are not entitled to the assumption of truth. While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations." *Iqbal*, 556 U.S. at 679; *see also Twombly*, 550 U.S. at 555 n.3 ("Rule 8(a)(2) still requires a 'showing,' rather than a blanket assertion, of entitlement to relief. Without some factual allegation in the complaint, it is hard to see how a claimant could satisfy the requirement of providing not only 'fair notice' of the nature of the claim, but also 'grounds' on which the claim rests.").

"A complaint can be frivolous either factually or legally. Any complaint that is legally frivolous would *ipso facto* fail to state a claim upon which relief can be granted." *Hill*, 630 F.3d at 470 (citing *Neitzke v. Williams*, 490 U.S. 319, 325, 328-29 (1989)).

> Whether a complaint is factually frivolous under §§ 1915A(b)(1) and 1915(e)(2)(B)(i) is a separate issue from whether it fails to state a claim for relief. Statutes allowing a complaint to be dismissed as frivolous give "judges not only the authority to dismiss a claim based on an indisputably meritless legal theory, but also the unusual power to pierce the veil of the complaint's factual allegations

> and dismiss those claims whose factual contentions are clearly baseless." *Neitzke*, 490 U.S. at 327, 109 S. Ct. 1827 (interpreting 28 U.S.C. § 1915). Unlike a dismissal for failure to state a claim, where a judge must accept all factual allegations as true, *Iqbal*, 129 S. Ct. at 1949-50, a judge does not have to accept "fantastic or delusional" factual allegations as true in prisoner complaints that are reviewed for frivolousness. *Neitzke*, 490 U.S. at 327-28, 109 S. Ct. 1827.

*Id.* at 471.

"*Pro se* complaints are to be held 'to less stringent standards than formal pleadings drafted by lawyers,' and should therefore be liberally construed." *Williams*, 631 F.3d at 383 (quoting *Martin v. Overton*, 391 F.3d 710, 712 (6th Cir. 2004)). *Pro se* litigants and prisoners are not exempt from the requirements of the Federal Rules of Civil Procedure. *Wells v. Brown*, 891 F.2d 591, 594 (6th Cir. 1989); *see also Brown v. Matauszak*, No. 09-2259, 2011 WL 285251, at *5 (6th Cir. Jan. 31, 2011) (affirming dismissal of *pro se* complaint for failure to comply with "unique pleading requirements" and stating "a court cannot 'create a claim which [a plaintiff] has not spelled out in his pleading'") (quoting *Clark v. Nat'l Travelers Life Ins. Co.*, 518 F.2d 1167, 1169 (6th Cir. 1975)) (alteration in original); *Payne v. Sec'y of Treas.*, 73 F. App'x 836, 837 (6th Cir. 2003) (affirming *sua sponte* dismissal of complaint pursuant to Fed. R. Civ. P. 8(a)(2) and stating, "[n]either this court nor the district court is required to create Payne's claim for her"); *cf. Pliler v. Ford*, 542 U.S. 225, 231 (2004) ("District judges have no obligation to act as counsel or paralegal to *pro se* litigants."); *Young Bok Song v. Gipson*, 423 F. App'x 506, 510 (6th Cir. 2011) ("[W]e decline to affirmatively require courts to ferret out the strongest cause of action on behalf of *pro se* litigants. Not only would that duty be overly burdensome, it would transform the courts from neutral arbiters of disputes into advocates for a particular party. While courts are properly charged with protecting the rights of all who come before it, that responsibility does not encompass advising litigants as to what legal theories they should pursue.").

4

B.  § 1983 Claim

Rankin filed his complaint on the court-supplied form for actions under 42 U.S.C. § 1983.  Section 1983 provides:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress, except that in any action brought against a judicial officer for an act or omission taken in such officer's judicial capacity, injunctive relief shall not be granted unless a declaratory decree was violated or declaratory relief was unavailable. For the purposes of this section, any Act of Congress applicable exclusively to the District of Columbia shall be considered to be a statute of the District of Columbia.

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two elements:  (1) a deprivation of rights secured by the "Constitution and laws" of the United States (2) committed by a defendant acting under color of state law.  *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 150 (1970).

The complaint does not assert a valid claim against CCA.  "A private corporation that performs the traditional state function of operating a prison acts under color of state law for purposes of § 1983."  *Thomas v. Coble*, 55 F. App'x 748, 748 (6th Cir. 2003) (citing *Street v. Corr. Corp. of Am.*, 102 F.3d 810, 814 (6th Cir. 1996)); *see also Parsons v. Caruso*, 491 F. App'x 597, 609 (6th Cir. 2012) (corporation that provides medical care to prisoners can be sued under § 1983).  The Sixth Circuit has applied the standards for assessing municipal liability to claims against private corporations that operate prisons or provide medical care to prisoners. *Thomas*, 55 F. App'x at 748-49; *Street*, 102 F.3d at 817-18; *Johnson v. Corr. Corp. of Am.*, 26 F. App'x 386, 388 (6th Cir. 2001).  CCA "cannot be held liable under a theory of respondeat superior."  *Braswell v. Corr. Corp. of Am.*, 419 F. App'x 622, 627 (6th Cir. 2011).  Instead, to

5

prevail on a § 1983 claim against CCA, Plaintiff "must show that a policy or well-settled custom of the company was the 'moving force' behind the alleged deprivation" of his rights. *Id.* The complaint does not allege that Rankin suffered any injury because of an unconstitutional policy or custom of CCA.

Rankin's complaint alleges that Defendants Carney and Jennings subjected him to excessive force. The Supreme Court has held that "the unnecessary and wanton infliction of pain . . . constitutes cruel and unusual punishment forbidden by the Eighth Amendment." *Whitley v. Albers*, 475 U.S. 312, 319 (1986) (internal quotation marks omitted). The Supreme Court has applied this standard to uses of force by prison officials, explaining that "the question whether the measure taken inflicted unnecessary and wanton pain and suffering ultimately turns on 'whether force was applied in a good faith effort to maintain or restore discipline or maliciously and sadistically for the very purpose of causing harm.'" *Id.* at 320-21 (citation omitted); *see also Hudson v. McMillian*, 503 U.S. at 6-7. In *Hudson*, 503 U.S. at 7-9, the Supreme Court held that a significant physical injury is not required to establish the objective component of an Eighth Amendment claim. However, the Supreme Court made clear that trivial physical contact does not violate the Eighth Amendment:

> That is not to say that every malevolent touch by a prison guard gives rise to a federal cause of action. *See Johnson v. Glick*, 481 F.2d [1028,] 1033 [(2d Cir. 1973)] ("Not every push or shove, even if it may later seem unnecessary in the peace of a judge's chamber, violates a prisoner's constitutional rights"). The Eighth Amendment's prohibition of "cruel and unusual" punishments necessarily excludes from constitutional recognition de minimis uses of physical force, provided that the use of force is not of a sort "'repugnant to the conscience of mankind." *Whitley*, 475 U.S., at 327 . . . (quoting *Estelle*, supra, 429 U.S., at 106 . . . (internal quotation marks omitted).

*Id.* at 9-10. For purposes of screening, Rankin has alleged a plausible claim for violation of the Eighth Amendment against Defendants Carney and Jennings.

Rankin also alleges that he was refused needed medical treatment following his injury. An Eighth Amendment claim consists of both objective and subjective components. *Farmer v. Brennan*, 511 U.S. 825, 834 (1994); *Hudson v. McMillian*, 503 U.S. 1, 8 (1992); *Wilson v. Seiter*, 501 U.S. 294, 298 (1991). The objective component requires that the deprivation be "sufficiently serious." *Farmer*, 511 U.S. at 834; *Hudson*, 503 U.S. at 8; *Wilson*, 501 U.S. at 298. In the context of an Eighth Amendment claim based on a lack of medical care, the objective component requires that a prisoner have a serious medical need. *Blackmore v. Kalamazoo Cnty.*, 390 F.3d 890, 895 (6th Cir. 2004). "[A] medical need is objectively serious if it is one that has been diagnosed by a physician as mandating treatment *or* one that is so obvious that even a lay person would readily recognize the necessity for a doctor's attention." *Id.* at 897 (internal quotation marks omitted); *see also Johnson v. Karnes*, 398 F.3d 868, 874 (6th Cir. 2005).

To establish the subjective component of an Eighth Amendment violation, a prisoner must demonstrate that the official acted with the requisite intent, that is, that he had a "sufficiently culpable state of mind." *Farmer*, 511 U.S. at 834; *see also Wilson*, 501 U.S. at 302-03. The plaintiff must show that the prison officials acted with "deliberate indifference" to a substantial risk that the prisoner would suffer serious harm. *Farmer*, 511 U.S. at 834; *Wilson*, 501 U.S. at 303. "[D]eliberate indifference describes a state of mind more blameworthy than negligence." *Farmer*, 511 U.S. at 835. A prison official cannot be found liable under the Eighth Amendment unless he subjectively knows of an excessive risk of harm to an inmate's health or safety and also disregards that risk. *Id.* at 837. "[A]n official's failure to alleviate a significant risk that he should have perceived but did not" does not state a claim for deliberate indifference. *Id.* at 838.

Rankin does not sufficiently state a claim against any named Defendant for lack of medical care. He does not allege that either Carney or Jennings knew the extent of his injuries or that he asked either Defendant for medical care at any time. Rankin does not identify any specific individual who denied his requests for medical treatment.

### III. MOTION FOR DISCOVERY

On April 7, 2016, Rankin filed a "motion" for discovery. (ECF No. 20.) All discovery in this case must be conducted in accordance with Rules 26 through 37 of the Federal Rules of Civil Procedure. Discovery should be conducted between the parties, without the involvement of the Court, unless a dispute arises that cannot be resolved without Court intervention. Therefore, Plaintiff should not file his discovery requests as "motions" with the Court.[2] In addition, any discovery requests are premature at this time because the Defendants have not yet been served with process. For these reasons, the motion for discovery is DENIED.

### IV. CONCLUSION

The Court DISMISSES Rankin's claims against Defendant CCA pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii) and 1915A(b)(1). Process will be issued for Defendants Carney and Jennings on Rankin's Eighth Amendment claim for the use of excessive force.

The Clerk is ORDERED to issue process for WCF Correctional Officers Demarcus Carney and Michael Jennings and deliver that process to the U.S. Marshal for service. Service shall be made on Defendants Carney and Jennings pursuant to Federal Rule of Civil Procedure 4(e) and Tennessee Rules of Civil Procedure 4.04(1) and (10), either by mail or personally if mail service is not effective. All costs of service shall by advanced by the United States.

---

[2] If a motion to compel becomes necessary, the disputed discovery requests and any responses thereto should be filed as exhibits to the motion to compel.

It is further ORDERED that Rankin shall serve a copy of every subsequent document he files in this cause on the attorneys for the Defendants or on any unrepresented Defendant. Rankin shall make a certificate of service on every document filed. Rankin shall familiarize himself with Federal Rules of Civil Procedure and this Court's Local Rules.[3]

Rankin shall promptly notify the Clerk of any change of address or extended absence. Failure to comply with these requirements or any other order of the Court may result in the dismissal of this case without further notice.

IT IS SO ORDERED.

  s/ **James D. Todd**
JAMES D. TODD
UNITED STATES DISTRICT JUDGE

---

[3] A copy of the Local Rules may be obtained from the Clerk. The Local Rules are also available on the Court's website at www.tnwd.courts.gov/pdf/content/LocalRules.pdf.